Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise consists of miniature motors similar in all material respects to those the subject of Abstract 66961, the claim of the plaintiff was sustained.

No. 69249.—R. H. Macy & Co., Inc. *v.* United States, protest 61/18334 (New York).

Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise consists of glass paperweights similar in all material respects to those the subject of Abstract 64185, the claim of the plaintiff was sustained.

No. 69250.—Louis Marx & Co. *v.* United States, protest 63/19002 (San Francisco).

WILSON, J. In accordance with stipulation of counsel that the merchandise consists of paperweights or snow scenes similar in all material respects to those the subject of Abstract 67488, the claim of the plaintiff was sustained.

No. 69251.—Louis Marx & Co., Inc., et al. *v.* United States, protests 64/20404, etc. (San Francisco).

Opinion by NICHOLS, J. In accordance with stipulation of counsel that the merchandise consists of miniature motors similar in all material respects to those the subject of Abstract 66961, the claim of the plaintiffs was sustained.

No. 69252.—Louis Marx & Co., Inc. *v.* United States, protest 64/21962 (Philadelphia).

Opinion by NICHOLS, J. In accordance with stipulation of counsel that the merchandise consists of miniature motors similar in all material respects to those the subject of Abstract 66961, the claim of the plaintiff was sustained.

BEFORE THE SECOND DIVISION, APRIL 19, 1965

**No. 69253.**—Starlight Trading, Inc. *v.* United States, protest 62/7120 (New York).

FORD, Judge: Plaintiff herein protests the classification by the collector of customs of certain ladies' cotton blouses, described on the invoice as item SS 033, under the provisions of paragraph 1529(a) of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, as wearing apparel in part of trimming and assessed with duty at the rate of 45 per centum ad valorem.

Plaintiff contends that the cotton blouses involved herein are not trimmed and are, accordingly, dutiable at only 20 per centum ad valorem under the provisions of paragraph 919 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, as clothing and articles of wearing apparel of every description, manufactured wholly or in part, wholly or in chief value of cotton, and not specially provided for.

The pertinent portions of the statutory provisions involved are as follows:

Paragraph 1529(a) of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739:

Articles provided for in subdivision 29_____ 45% ad val.
NOTE: * * *

Each reference in any item 1529(a) in this part to a numbered subdivision is to the indicated subdivision of the matter representing paragraph 1529(a), Tariff Act of 1930, as modified in the publication of the United States Tariff Commission entitled "UNITED STATES IMPORT DUTIES (1950)" on the day this supplemental schedule is authenticated.

*　　　*　　　*　　　*　　　*　　　*　　　*

United States Tariff Commission publication, entitled "United States Import Duties (1950)," subdivision 29 of paragraph 1529(a):

Articles wholly or in part of any material provided for in subdivision 10 or 12, but not in part of lace, lace fabrics, or lace articles, not ornamented, and not provided for in subdivision 16 or 22.

United States Import Duties (1950), *supra*, subdivision 12 of paragraph 1529(a):

Neck rufflings, flutings, quillings, ruchings, tuckings, trimmings, gimps, and ornaments _____ 50% ad val.

Subdivisions 16 and 22 of paragraph 1529(a) of the United States Import Duties, *supra*, relate to fabrics and articles, other than wearing apparel, and fabrics and articles in chief value of burnt-out laces, respectively.

Paragraph 919 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802: